UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAURI B.,

           Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

           Defendant.
_____/

Case No. 24-10280

Curtis Ivy, Jr.
United States Magistrate Judge

**OPINION AND ORDER**
**CROSS-MOTIONS FOR SUMMARY JUDGMENT (ECF Nos. 9, 11)**

Plaintiff Lauri B. brings this action pursuant to 42 U.S.C. § 405(g), challenging the final decision of Defendant Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits under the Social Security Act. This matter is before the Court on Plaintiff's motion for summary judgment (ECF No. 9), the Commissioner's cross-motion for summary judgment (ECF No. 11), Plaintiff's reply (ECF No. 12) and the administrative record (ECF No. 6).

For the reasons below, the Court **DENIES** Plaintiff's motion for summary judgment (ECF No. 9), **GRANTS** Defendant's motion for summary judgment (ECF No. 11), and **AFFIRMS** the Commissioner's decision.

    A.    **Background and Administrative History**

Plaintiff alleges her disability began on February 27, 2020.  (ECF No. 6-1, PageID.34).  On February 27, 2021, she applied for disability insurance benefits.  Her date last insured for disability insurance benefits is June 30, 2020.  (*Id.* at PageID.36).  In her disability report, she listed ailments which diminished her ability to work.  The ailments included: COPD, asthma, arthritis, carpal tunnel, depression, headaches, thyroid disorder, and restless leg syndrome.  (*Id.* at PageID.198).  Her application was denied on September 20, 2021.  (*Id.* at PageID.34).

Following the denial, Plaintiff requested a hearing by an Administrative Law Judge ("ALJ").  On November 17, 2022, ALJ Beth Contorer held a hearing, at which Plaintiff and a vocational expert ("VE") testified.  (*Id.* at PageID.46-68).  On January 31, 2023, the ALJ issued an opinion which determined that Plaintiff was not disabled within the meaning of the Social Security Act.  (*Id.* at PageID.40).  Plaintiff later submitted a request for review of the hearing decision.  On December 7, 2023, the Appeals Council denied Plaintiff's request for review.  (*Id.* at PageID.18).  Thus, the ALJ's decision became the Commissioner's final decision.

Plaintiff timely commenced the instant action on February 1, 2024.

    **B.**    **Framework for Disability Determinations**

Disability is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In evaluating whether a claimant is disabled, the Commissioner is to consider, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in the regulations; (4) can return to past relevant work; and (5) if not, whether he or she can perform other work in the national economy. 20 C.F.R. §§ 404.1520, 416.920.[1] The Plaintiff has the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five to demonstrate that there is work available in the national economy the claimant can perform. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) ("[D]uring the first four steps, the claimant has the burden of proof; this burden shifts to the Commissioner only at Step Five.") (citing *Young v. Sec'y of Health & Human Servs.*, 925 F.2d 146, 148 (6th Cir. 1990)).

C.     **The Administrative Decision**

Pursuant to 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4), at **Step 1** of the

---

[1] Citations to the regulations or Social Security Rulings are to those effective on the date of the application for disability benefits or the ALJ's decision, where appropriate, unless otherwise indicated.

3

sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period from her alleged onset date, February 27, 2020, through her date last insured, June 30, 2020. (ECF No. 6-1, PageID.36). At **Step 2**, the ALJ found that Plaintiff had the following medically determinable impairments: headaches, thyroid disease, restless leg syndrome, lumbago, asthma, bilateral carpal tunnel syndrome, obesity, depression, and anxiety. (*Id.* at PageID.37). But the ALJ found that Plaintiff had no severe impairments that significantly limited her ability to perform basic work activities for twelve consecutive months. (*Id.* at PageID.37-40). Thus, the ALJ concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, in the period between the alleged onset date and the date last insured. (*Id.* at PageID.40).

      D.    **Standard of Review**

The District Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. at 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. at 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under

this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). In deciding whether substantial evidence supports the ALJ's decision, the court does "not try the case *de novo*, resolve conflicts in evidence or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Rogers*, 486 F.3d at 247 ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant.").

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Even so, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or

5

deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

### E. Analysis

Plaintiff argues that the ALJ erred at Step Two in finding that she had no severe medically determinable impairments. She contends that the evidence supports a finding that her impairments in combination more than minimally impact her ability to engage in work activities.

After finding that Plaintiff had medically determinable impairments, the ALJ turned to assessing whether those impairments are "severe." A "severe" impairment is "any impairment or combination of impairments which significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). The "ability to do basic work activities," in turn, is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522(b). On the other hand, an impairment is not severe only if it is a "slight abnormality which has such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, and work experience." *Farris v. Sec'y of H.H.S.*, 773 F.2d 85, 90 (6th Cir. 1985) (citation omitted).

The Sixth Circuit construes the step two severity regulation as a "*de minimis* hurdle." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 243 n. 2 (6th Cir. 2007).

6

Impairments are non-severe only if they are "a slight abnormality that minimally affects work ability regardless of age, education, and experience." *Id.* This test is intended to "screen out totally groundless claims." *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 89 (6th Cir. 1985). That said, "[t]he mere existence of . . . impairments . . . does not establish that [the claimant] was significantly limited from performing basic work activities for a continuous period of time." *Despins v. Comm'r of Soc. Sec.,* 257 F. App'x 923, 930 (6th Cir. 2007).

Another principle needs to be addressed before turning to the ALJ's decision. To be eligible for disability insurance benefits, the claimant must be disabled during the relevant period—between the onset date and date last insured. *Renfro v. Barnhart*, 30 F. App'x 431, 435 (6th Cir. 2002). Thus, ALJs generally consider evidence from the alleged onset date through the date last insured. *King v. Sec'y of Health & Human Servs.*, 896 F.2d 204, 205-06 (6th Cir. 1990). This means that a number of records Plaintiff submitted as evidence that fall outside the relevant period have limited relevance. The relevant period is from February 27, 2020, through June 30, 2020.

The ALJ's Step Two decision is supported by substantial evidence. The ALJ began with finding that Plaintiff's testimony and subjective statements were inconsistent. (ECF No. 6-1, PageID.38). Plaintiff did not challenge that determination.

Then the ALJ addressed the evidence, which is "quite sparse." (*Id.*). In February 2020, just before the alleged onset date, Plaintiff presented to her treating physician, Dr. Singleton. The list of Plaintiff's issues included restless leg syndrome, back pain, anxiety, asthma, memory loss, and obesity. (*Id.* at PageID.268). Dr. Singleton wrote that the restless leg syndrome "[a]ppears to be stable," she recommended therapy along with Plaintiff's current medication to treat depression, she recommended gradual exercises together with current medication to treat back pain, and, among other things, she advised Plaintiff to avoid repetitive movements to treat carpal tunnel syndrome. (*Id.* at PageID.268-69). On objective examination, Plaintiff's systems were within normal limits but she had tenderness to palpation over the lumbar-sacral spine, crepitus in the knees, and positive Tinel's test bilaterally (related to carpal tunnel syndrome). (*Id.* at PageID.268). Dr. Singleton referred Plaintiff to a neurologist to address complaints of memory loss. (*Id.*).

During May 2020, within the relevant period, Plaintiff had a telehealth visit with Dr. Singleton. The doctor again referred Plaintiff to therapy and neurology, and she refilled Plaintiff's medications. (*Id.* at PageID.264-66). The status of treatment and recommended courses of action were unchanged from the February 2020 visit—Plaintiff's restless leg syndrome appeared to be stable, therapy was

8

recommended on top of mediation for depression, and exercise was recommended for back pain.

Objective examinations remained the same in treatment records from after the date last insured, which suggests Plaintiff's condition during the relevant period was not worsening. (*See id.* at PageID.400-08). And as the ALJ noted, Plaintiff did not follow-up with therapy or neurology despite her doctor's recommendation. (*Id.* at PageID.38).

In view of the relatively benign February and May 2020 medical records, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that significantly limited her ability to do basic work functions. (*Id.* at PageID.39). The Court finds that substantial evidence supports this conclusion.

Much of what Plaintiff relies on to support her view of the evidence is her subjective statements about the severity of her symptoms. But the ALJ found her statements inconsistent, discounting their weight in the analysis. Plaintiff did not challenge that determination. She also points to medical records created before the relevant period. (ECF No. 9, PageID.424). As explained above, the evidence that is relevant is what helps explain Plaintiff's condition *during* the relevant time. Plaintiff made no showing of how records from before her period of eligibility are relevant to her functioning during the four months of 2020 under review. What is more, those records are no different from the ones addressed above. Of the two

9

pre-relevant period records, one is the early February 2020 record addressed above. The other is dated November 1, 2019. Plaintiff had the same complaints, the same objective examination findings, and the same treatment prescriptions and recommendations as in the February 2020 record. (ECF No. 6-1, PageID.272-74). So these records have nothing that would alter the ALJ's analysis.

What remains are the relatively benign objective findings of tenderness, crepitus, and positive Tinel's test, along with conservative treatment with medication. These records give no suggestion of a *significant* limitation in Plaintiff's ability to engage in work activities. The test at Step Two is not whether there is any limitation at all; the existence of an impairment that minimally impacts work ability does not establish a *significant* limitation in work abilities. Plaintiff had the burden to prove severe limitation. Her insistence that this same evidence results in a different conclusion is an invitation for the Court to reweigh the evidence. The Court does not reweigh the evidence here. The Court instead reviews the ALJ's decision for substantial evidence. Here, the ALJ supported her decision with substantial evidence. It was reasonable for the ALJ to draw this conclusion from the evidence because, for instance, Plaintiff made no showing that tenderness to palpation of the lower back combined with obesity results in certain work limitations, or that her depression and anxiety controlled at least in part with medication in some way limited her ability to work. It is these connections that

she needed to make with medical evidence.  She did not do so.  Again, the existence of a medically determinable impairment does not equate to having a severe medically determinable impairment.  To be fair, Plaintiff submitted an opinion from Dr. Singleton that would render Plaintiff disabled.  But as discussed below, the ALJ appropriately found that opinion unpersuasive.

Finally, because the ALJ said she considered Plaintiff's impairments in combination after discussing the medical evidence on all of Plaintiff's impairments, the Court finds that the ALJ adequately addressed the impact of Plaintiff's impairments in combination.  *Foster v. Bowen*, 853 F.2d 483, 490 (6th Cir. 1988) (finding the statement, "Considering the combined effects of all her health problems, exertional and nonexertional and severe and not severe," which is similar to the ALJ's language here, sufficient to establish that the ALJ met the obligation to consider all the impairments in combination).

Plaintiff raises other arguments.  She contends that the ALJ was wrong to note that Plaintiff did not seek outpatient mental health treatment because the ALJ should have first decided whether the impairment was disabling without treatment.  And she says her failure to seek mental health therapy "could likely be related to the severity of her depression."  (ECF No. 9, PageID.425).  These arguments lack merit.  It is appropriate for an ALJ to consider a lack of mental health treatment to discount severity.  *Despins*, 257 F. App'x at 931 ("The ALJ properly considered as

11

relevant the fact that [the claimant's] medical records did not indicate that [claimant] received significant treatment . . . during the relevant time period."). And the case Plaintiff cites for this argument, *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990), is not on point for the reasons stated in the Commissioner's brief—namely, the ALJ here did not conclude that Plaintiff's impairments were non-severe because they could be remedied by treatment. (ECF No. 11, PageID.445). Plaintiff's statement that she may not have attended therapy because of the severity of her depression is unsupported and thus disregarded.

Lastly, Plaintiff argues that the ALJ improperly evaluated Dr. Singleton's opinion. ALJs are directed to assess the persuasiveness of both treating medical evaluations based on how well they are supported by the rest of the record. 20 C.F.R. §§ 404.1520c(a), 416.920c(a) ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources"). The factors the ALJ must consider in evaluating medical opinions include supportability and consistency with the record as a whole; relationship with the claimant; length of the treatment relationship; frequency of examinations; purpose and extent of the treating relationship; whether the source has examined the claimant; specialization; and any other factors that support or undermine the medical opinion. §§ 404.1520c(c), 416.920c(c). They must articulate the "most

12

important factors of supportability and consistency" of the medical opinions but "are not required to . . . explain" the consideration given to the remaining factors. §§ 404.1520c(a-b); 416.920c(a-b). "Supportability" refers to the explanations given by the medical source to support their opinion. "Consistency" refers to the consistency of the medical opinion with the evidence from other medical and nonmedical sources. §§ 404.1520c(c)(1-2), 416.920c(c)(1-2).

 Dr. Singleton provided a medical source statement on July 6, 2021, over a year after the date last insured. This opinion paints a much more serious picture of Plaintiff's residual functional capabilities. Dr. Singleton opined that Plaintiff's impairments would cause her to be off task 25% or more of the workday, that she is incapable of even low stress jobs, she can sit for 20 minutes at a time and stand for five minutes at a time, she can stand and walk for less than two hours in a workday, and she can sit for about two hours in a workday. Among other things, Dr. Singleton said that Plaintiff would "continuously" need to take two-hour breaks throughout the workday. (ECF No. 6-1, PageID.294-96). This opinion renders Plaintiff incapable of working.

 The ALJ found the opinion unpersuasive. She said that, although Dr. Singleton is Plaintiff's primary care physician whose records comprise the only documentation in this case, the opinion is inconsistent with her own findings on examination and unsupported by the record. (ECF No. 6-1, PageID.39). Dr.

13

Singleton's examinations noted only tenderness to palpation of the lower spine and positive Tinel's test. These findings, says the ALJ, do not support the extreme limitations in the opinion. (*Id.*). Thus, the ALJ addressed assessed both the supportability and consistency of the opinion as required in the regulations.

Plaintiff insists that the ALJ's analysis is "completely flawed" because Dr. Singleton's findings before the date last insured show severe, objective abnormalities. She also accuses the ALJ of cherry-picking evidence. (ECF No. 9, PageID.427).

Plaintiff's arguments are not well taken. As demonstrated above, the ALJ made no reversible error in concluding that the medical evidence, i.e., Dr. Singleton's findings, does not establish a severe abnormality. The ALJ's summation of the sparse record of Dr. Singleton's treatment notes (which were not cherry-picked) supports the conclusion that the treatment notes are inconsistent with the opinion. So when Dr. Singleton, a year after the date last insured, says that Plaintiff's symptoms were disabling, the ALJ was within her zone of choice to conclude that the opinion is unsupported by the record.

### F.     Conclusion

For the reasons above, Plaintiff's motion for summary judgment (ECF No. 9) is **DENIED**, the Commissioner's motion for summary judgment (ECF No. 11) is **GRANTED**, and the findings of the Commissioner are **AFFIRMED**.

**IT IS SO ORDERED.**

Date: February 25, 2025                s/Curtis Ivy, Jr.
                                                            Curtis Ivy, Jr.
                                                            United States Magistrate Judge